IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EASTERN SHORE MARINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-0022-WS-B |
| ) | |
| ROBERT A. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment against defendant Technology Marine Systems, Inc. ("TMS"). (Doc. 5). After carefully considering the motion and other relevant material in the file, the Court concludes that the motion is due to be denied.

The plaintiff sued TMS and Robert A. Smith for breach of a maritime contract. The file reflects that process was served on TMS via certified mail, with one Laurel Anderson signing for the delivery on January 17, 2008. (Doc. 4). In its motion for default judgment, the plaintiff relies on a letter it received from an attorney representing TMS, asserting that TMS filed articles of dissolution in August 2007 (approximately five months before this suit was filed). (Doc. 5, Exhibit A). Articles of dissolution, bearing the stamp of the Probate Judge of Baldwin County, are attached to counsel's letter. *See* Ala. Code § 10-2B-14.03(b) ("A corporation is dissolved upon the effective date of its articles of dissolution."). The plaintiff does not deny that TMS was dissolved prior to the institution of its lawsuit but affirmatively relies on that fact in support of its motion for default judgment.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules," it is subject to entry of default.

Fed. R. Civ. P. 55(a).[1]  But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint."  *Id*. Rule 12(a)(1)(A); *accord Securities and Exchange Commission v. Wright*, 2008 WL 73676 at *1 (11th Cir. 2008).  Thus, "[b]efore a default can be entered, ... the party must have been effectively served with process."  10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 at 14 (3rd ed. 1998).

Service of process on a corporation in a federal lawsuit is governed by Federal Rule of Civil Procedure 4(h).  Service under that rule must be accomplished in one of two manners: (1) in accordance with the law of the forum state; or (2) by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h)(1)(A), (B).  The plaintiff has accomplished neither.

Service on a corporation is ordinarily governed by Alabama Rule of Civil Procedure 4(c)(6).  However, "we hold that in a suit against a dissolved domestic corporation service of process is properly had upon one of the directors trustees."  *Railway Fuel Co. v. Ackerman*, 114 So. 2d 142, 145 (Ala. 1959).  The *Ackerman* Court rejected the contrary rule of some states that dissolution does not alter the class of individuals on whom process can be effectively served.  *Id*. at 144.  The same rule applies to foreign corporations.  *W.T. Ratliff Co. v. Henley*, 405 So. 2d 141, 144 (Ala. 1981).  While this default judicial rule could be overcome by legislation expressly addressing service on dissolved corporations, *id*., there appears to be no such legislation on the books.

An attachment to the articles of dissolution identifies the directors of TMS as Robert Anthony Smith, Stephen D. Walker, and William Vosen.  (Doc. 5, Exhibit A).  As

---

[1]The plaintiff has not sought entry of default, and its motion for default judgment could be denied on that ground alone.  *Travelers Casualty & Surety Co. v. East Beach Development, LLC*, 2007 WL 4097440 (S.D. Ala. 2007).

noted, the person signing for process was Laurel Anderson. Because the plaintiff did not serve a director, it has not perfected service of process in accordance with the law of Alabama in accordance with Rule 4(h)(1)(A).

"Delivery" under Rule 4 requires personal delivery, not mailing. *E.g., Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (municipal corporations); *Larsen v. Mayo Medical Center*, 218 F.3d 863, 868 (8th Cir. 2000) (corporations); *Husner v. City of Buffalo*, 1999 WL 48776 (2nd Cir. 1999) (municipal corporations); *Gabriel v. United States*, 30 F.3d 75, 77 (7th Cir. 1994) (United States Attorney); *Puet v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (United States Attorney); 1 James Wm. Moore et al., Moore's Federal Practice § 4.53[2] (3rd ed. 2007) (corporations). Because the plaintiff utilized certified mail rather than personal delivery, it has not perfected service of process in accordance with Rule 4(h)(1)(B).[2]

For the reasons set forth above, the plaintiff's motion for default judgment is **denied**.[3]

DONE and ORDERED this 10th day of March, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] It is also doubtful, given the dissolved status of TMS, that Laurel Anderson could qualify as an officer, managing agent, general agent, or agent authorized by law or appointment to accept service of process.

[3] The plaintiff was previously ordered to file a notice describing the action taken to effect service, and the results thereof, if service should not be effected within 45 days after filing the complaint. (Doc. 3). The complaint was filed on January 14, 2008, and the file reflects no service of process on defendant Smith, yet the plaintiff has not filed the required notice. The plaintiff is **ordered** to file the notice on or before **March 13, 2008**.