**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EASTERN SHORE MARINE, INC.,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **CIVIL ACTION NO. 08-0022-WS-B** |
| | **)** | |
| **ROBERT A. SMITH, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**ORDER**

This matter is before the Court on the plaintiff's motion for reconsideration of the Court's order denying the plaintiff's motion for default judgment against defendant Robert A. Smith. (Doc. 12).

The Court previously directed the plaintiff to address deficiencies in establishing good service on Smith and in establishing its entitlement to, and the amount of, damages. (Docs. 11, 13). In particular, the Court noted the plaintiff's failure to present evidence reflecting "the amount due, the plaintiff's entitlement to interest on the unpaid balance, the rate at which such interest accrues or the length of time it has accrued, the plaintiff's entitlement to attorney's fees, any limitations (such as a cap or a rule of reasonableness) on the plaintiff's entitlement to such fees, or the actual amount of such fees." (*Id*. at 2-3). The Court instructed the plaintiff to file "any ... documentation or sworn testimony needed to establish the elements and actual amount of the plaintiff's claimed damages," and it warned that it "will not afford additional opportunities to rectify the deficiencies identified herein." (*Id*. at 3).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment

cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint alleges that Smith entered various maritime contracts with the plaintiff for the repair of vessels in the care, custody and control of Smith and co-defendant Technology Marine Systems, Inc., ("TMS"), with Smith alleged to be the owner, agent or employee of TMS. The complaint alleges that services were rendered on open account and that the defendants stopped making payments in August 2006. (Doc. 1). Because breach of contract provides a cause of action, and because Smith is alleged to be a contracting party, the well-pleaded allegations of the complaint state a cause of action against Smith.[1]

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp.2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the*

---

[1]Because the Court is to review only the allegations of the complaint in making its assessment, it may overlook any tension between the complaint and the sworn statement of the plaintiff's president that the plaintiff "contracted with [TMS] through its agent Robert A. Smith" rather than directly with Smith. (Doc. 6, Wall Affidavit, ¶ 2). Neither the complaint nor the plaintiff's later filings include the e-mails which, according to the complaint, memorialize the contract or contracts and which would thus help resolve the identity of the contracting parties. Certainly nothing in the 69 pages of documents the plaintiff has submitted suggests that Smith was a contracting party.

*Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

A judgment by default may not differ in kind or exceed in amount what is demanded in the complaint. Fed. R. Civ. P. 54(c). The complaint demands payment of $13,989.78 as the balance due under the parties' contract, plus interest, costs and attorney's fees in unspecified amounts. (Doc. 1 at 2). The Court considers these elements in turn.

**A. Balance Due.**

The affidavit of the plaintiff's president states the balance due as $13,536.38 (less than the amount stated in the complaint). (Doc. 6, Wall Affidavit, ¶ 4). This figure is supported by the attached running statement of the open account, which reflects a final balance of $13,536.38 on August 31, 2006. (Doc. 14, Exhibit 2 at 3). The lower figure, being the only one supported by evidence, controls.

**B. Interest.**

Wall's affidavit states the amount of interest as $2,800.61. (Doc. 6, Wall Affidavit, ¶ 4). It does not state the source of the obligation to pay interest, the interest rate, or how the amount was calculated.

"Although an admiralty court has the discretion to grant or deny prejudgment interest, [t]he general rule in admiralty cases is that prejudgment interest should be awarded absent peculiar circumstances." *International Paint Co. v. M/V MISSION*

*VIKING*, 637 F.2d 382, 385 (5th Cir. 1981).[2] "Indeed, an admiralty court should deny prejudgment interest even more rarely in contract cases than in tort cases, at least where the contract claim is for a liquid debt." *Id*. The Court being aware of no peculiar circumstances that would justify a different result, prejudgment interest will be awarded.

"Admiralty courts enjoy broad discretion in setting prejudgment interest rates." *Gator Marine Service Towing, Inc. v. J. Ray McDermott & Co.*, 651 F.2d 1096, 1101 (5th Cir. 1981). "They may look to the judgment creditor's actual cost of borrowing money, [citation omitted], to state law, [citation omitted], or to other reasonable guideposts indicating a fair level of compensation." *Id*. The Court will enforce a contractual rate if one is adequately shown. *Merrill Stevens Dry Dock Co. v. M/V YEOCOMICO II*, 329 F.3d 809, 816 (11th Cir. 2003). Because the plaintiff has identified no contractual interest rate or any other reasonable means of fixing the rate, the Court turns to state law.[3]

Pre-judgment interest is generally available for breach of contract. Ala. Code § 8-8-8. "Where no written contract controls the interest rate, ... the legal rate of pre-judgment interest is six percent per annum ...." *Rhoden v. Miller*, 495 So. 2d 54, 58 (Ala. 1986). Because the plaintiff has identified no contractual provision for a higher rate, the 6% figure controls. Under the statute, interest is not charged on interest. *Bockman v. WCH, L.L.C.*, 943 So. 2d 789, 796 (Ala. 2006).

Simple interest at 6% on $13,536.38 from August 31, 2006 to July 2, 2008 is $1,495.30. The plaintiff is entitled to prejudgment interest in this amount, and no more.

---

[2]The complaint was filed in federal court under its admiralty jurisdiction, based on the accurate allegation that the parties' agreement for the repair of vessels is a maritime contract that supports such jurisdiction. *Wilkins v. Commercial Investment Trust Corp.*, 153 F.3d 1273, 1276 (11th Cir. 1998).

[3]The Court notes that the plaintiff has submitted a document labeled "finance charges," which reflects progressively increasing finance charges beginning November 30, 2006. (Doc. 14, Exhibit 2 at 4). While this document indicates that the plaintiff charged something like interest, it does not reflect any agreement between the parties concerning interest or its rate.

**C. Attorney's Fees and Costs.**

The plaintiff claims attorney's fees (including paralegal fees) of $4,807.75 and costs of $785.00. (Doc. 14, Exhibit 3).

"Attorneys' fees generally are not recoverable in admiralty unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Limited Partnership v. Moran Towing, Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001). The plaintiff does not invoke either of the first two grounds. Its only effort to establish the third ground is the statement of its president that "Technology Marine Systems, Inc. is liable to pay attorney fees and costs of collection per the invoice, a copy of which is attached." (Doc. 6, Wall Affidavit, ¶ 6).

The plaintiff's showing is deficient in at least the following respects: (1) no copy of the invoice was attached to Wall's affidavit; (2) the invoices attached to a later filing by the plaintiff are silent about costs and attorney's fees, (Doc. 14, Exhibit 2); (3) a post-performance invoice is not obviously sufficient to show a pre-performance agreement to pay costs and attorney's fees; and (4) TMS is not the defendant against whom the plaintiff is demanding payment of costs and fees.

The plaintiff is thus not entitled to costs or attorney's fees as part of the judgment. This ruling is without prejudice to the plaintiff's ability to seek costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for reconsideration is **granted in part**. The plaintiff's motion for default judgment, (Doc. 10), is **granted** with respect to defendant Smith in the judgment amount of $15,031.68. Judgment shall be entered accordingly by separate order. In all other respects, the motion for default

judgment and motion for reconsideration are **denied**.

DONE and ORDERED this 2nd day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE