IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EASTERN SHORE MARINE, INC.,              ) | |
|                                                                      ) | |
|        Plaintiff,                                             ) | |
|                                                                      ) | |
| v.                                                               ) | CIVIL ACTION NO. 08-0022-WS-B |
|                                                                      ) | |
| ROBERT A. SMITH, et al.,                       ) | |
|                                                                      ) | |
|        Defendants.                                       ) | |

**ORDER**

The complaint was filed on January 14, 2008, naming Robert A. Smith and Technology Marine Systems, Inc. ("TMS") as defendants. (Doc. 1). On March 10, 2008, the Court denied the plaintiff's motion for default judgment as to TMS, on the grounds that the plaintiff had not effectively served TMS with process. (Doc. 7). In particular, the plaintiff's evidence reflected that TMS is a dissolved Alabama corporation, and Alabama law requires that such an entity be served by service on a director. The plaintiff's evidence identified the directors and proved that the plaintiff had not served any of them; instead, one Laurel Anderson, who was not a director, signed for service. (*Id*.).

On May 5, 2008, the plaintiff filed a second motion for default judgment. (Doc. 10). Although nominally addressed to both defendants, the motion alleged the necessary predicate of service of process only with respect to Smith. (*Id*.). With respect to TMS, the motion simply repeated facts the Court had already found legally incapable of establishing good service on TMS, (*id*., ¶¶ 3-4), and which therefore could not support default judgment against TMS. On May 20, 2008, the Court denied the motion for default judgment, noting that the plaintiff had failed to clarify whether the summons that Smith received was the summons directed to Smith or the summons directed to TMS. (Doc. 11).

The plaintiff responded with a motion for reconsideration confirming that Smith

had been served with a summons directed to him as an individual, received by his wife. (Doc. 12 & Exhibit A). While again nominally seeking default judgment against both Smith and TMS, with respect to TMS the plaintiff merely attached a copy of the summons it had ineffectually attempted to serve on TMS and which had been signed for by Laurel Anderson, a non-director. (*Id*., Exhibit B).

After providing the plaintiff another opportunity to prove up damages, (Docs. 13, 14), the Court entered an order granting the motion for reconsideration in part and granting the motion for default judgment in part, and it entered default judgment in favor of the plaintiff and against Smith. (Docs. 15, 16). In all other respects, both the motion for default judgment and the motion for reconsideration were denied. (Doc. 15 at 5-6).

At the same time, the Court entered an order notifying the plaintiff of its intent to dismiss this action without prejudice as to TMS pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 17). The Court allowed the plaintiff until July 10, 2008 in which to make any objection to this procedure. (*Id*.). The plaintiff filed no objection. Instead, it filed a motion to amend the complaint, repeating its breach of contract claim against Smith and TMS. (Doc. 18). The proposed amended complaint alleges that "Plaintiff personally served Smith and TMS through Smith with the original Complaint." (*Id*., Attachment, ¶ 8). As discussed above, the allegation as to service on TMS is incorrect. The plaintiff has previously received default judgment against Smith based on its representation that the summons it served on Smith was directed to Smith and not to TMS,[1] and the plaintiff's only assertions of service on TMS have been based on its ineffectual mailing to Laurel Anderson.

It has now been six months since the complaint was filed, and the plaintiff has not effected service on TMS, despite a four-month-old order from the Court explaining in

---

[1] Since there is only one return of service on Smith, he could not possibly have been served with two summonses. Nor is it clear that delivery to Smith's wife could effect service on TMS even had the plaintiff attempted it.

some detail how such service must be accomplished.  It is in this posture that the Court must consider the appropriate course of action under Rule 4(m).

The plaintiff's failure to perfect service within 120 days after filing the complaint exposes it to dismissal without prejudice.  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Absent good cause, the Court may, but need not, allow additional time.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007).

Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991).  "Neither inadvertence of [the] attorney nor secretarial misdeeds constitute good cause," *Gallien v. Guth Dairy, Inc*., 136 F.R.D. 110, 111 (W.D. La. 1991), and several courts of appeal have so held.  *Brown v. Smith*, 1997 WL 436753 at **1 (4th Cir. 1997); *Davis v. Brady*, 1993 WL 430137 at **3 (6th Cir. 1993); *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987).  The plaintiff has identified, and the Court can detect, no outside factor that prevented the plaintiff from perfecting service for six months.  At least since March 10, the plaintiff has known that TMS is a dissolved corporation; that service on TMS can be made only by service on a director; that Smith is a director; and that Smith resides at 1649 Gaineswood Drive South in Fairhope.  (Docs. 2, 12 Exhibit A).  Because the plaintiff has no good cause for the failure to serve process by May 13, the Court is not required to extend the time for service.

In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the refiling of the lawsuit should it be dismissed.  *Horenkamp*, 402 F.3d at 1132.  This is "not an exhaustive list" of factors a court may consider.  *Lepone-Dempsey*, 476 F.3d at

1182.  TMS is not evading service, since on January 24, 2008 its lawyer both notified the plaintiff that TMS is dissolved and provided a list of TMS's directors.  (Doc. 5, Exhibit A).  TMS is not concealing defects in service, since no service has been had, as the Court has expressly advised the plaintiff.  Because the only claim is for breach of a maritime contract, and the last payment on the open account occurred less than two years ago, there is no indication that the statute of limitations will bar the plaintiff from refiling.  The plaintiff identifies no other factor the Court should consider, but the Court must note the plaintiff's failure to take steps to serve TMS for a full four months after receiving detailed information on how to do so.

For the reasons set forth above, the complaint as to TMS is **dismissed without prejudice** pursuant to Rule 4(m).  The plaintiff's motion to amend the complaint is **denied**.  The Clerk is directed to close this case.

DONE and ORDERED this 11th day of July, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE